FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30414 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00062-JWS-1 |
| v. | |
| MICHAEL JAMES LEWIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted July 30, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Michael James Lewis appeals the sixty-month sentence imposed after he

pled guilty to three counts of distributing methamphetamine in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(C). He argues that the district court incorrectly

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

calculated drug quantity under U.S.S.G. § 2D1.1 and that it incorrectly applied the 18 U.S.C. § 3553(a) factors. We affirm.

We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Stoterau*, 524 F.3d 988, 997 (9th Cir. 2008). The district court did not err in reading the Guidelines to require combining the l-methamphetamine and the d-methamphetamine that Lewis distributed when it determined the amount of actual methamphetamine involved in Lewis's offenses. In 1995, the Sentencing Commission amended the Guidelines to "delete[] the distinction between d- and l-methamphetamine in the Drug Equivalency Tables in the Commentary to § 2D1.1." U.S.S.G. app. C, amend. 518 (Nov. 1, 1995) [hereinafter Amendment 518]. L-methamphetamine is now, in general, "treated the same as d-methamphetamine" for sentencing purposes. *Id.* The specific reference to d-methamphetamine in the Guidelines' definition of "ice" does not undermine Amendment 518's general rule of equal treatment, but merely carves out an exception to it in a limited context.

We reject Lewis's claim, to the extent he raises it, that Amendment 518 is unconstitutional because it is not rationally related to a legitimate government interest. *See, e.g.*, *United States v. Fine*, 975 F.2d 596, 604 (9th Cir. 1992) (en banc) ("The Due Process Clause of the Fifth Amendment precludes the imposition

2

of punishment based on arbitrary distinctions, and, in the sentencing context, 'essentially duplicates' an argument based on equal protection."). Treating all forms of methamphetamine alike is rationally related to the Commission's asserted and legitimate interests in simplifying guideline application and reducing litigation over whether any given methamphetamine is of the d- or l- variety. *See* Amendment 518.

The district court did not misapply the 18 U.S.C. § 3553(a) factors when it declined to hear expert testimony on the differences between d- and l-methamphetamine. We review a decision not to hold an evidentiary hearing at sentencing for abuse of discretion. *United States v. Pearson*, 274 F.3d 1225, 1234 (9th Cir. 2001). The district court here determined that the proffered expert testimony—which sought to prove l-methamphetamine's relative innocuousness—would be relevant to its § 3553(a) analysis only if Lewis could establish that he had intended to distribute l-methamphetamine. The court invited Lewis to establish that this was his intention, and Lewis explicitly declined to do so. The court did not abuse its discretion in concluding, as a result, that the testimony Lewis sought to introduce was irrelevant or in excluding it on that basis.

**AFFIRMED.**